**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**

**LUE NEREIDA TIRADO,** **PLAINTIFF**

FILED
DEC 04 2024
RANDY CARNEY, CLERK
BY ______________ D.C.

CO-2024-21,825

**VS.**

**WAL-MART STORES EAST, L.P.,** **DEFENDANT**

**COMPLAINT**

**COMES NOW** the Plaintiff, Lue Nereida Tirado, by and through her undersigned counsel, and files this Complaint against Defendant Walmart Inc., and for cause of action would show unto the Court the following:

**PARTIES**

1. Plaintiff, Lue Nereida Tirado, is an adult resident of Ensenada, Puerto Rico, residing at P.O. Box 785, Ensenada, PR 00647.
2. Defendant, Walmart Stores East, LP, is a business entity organized and existing under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas, and may be served with process at its registered agent in Mississippi, as listed with the Mississippi Secretary of State at: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS, 39232.

**JURISDICTION & VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to the Mississippi Constitution and Mississippi Code Ann. § 11-11-3, as the acts and omissions giving rise to the cause of action occurred in Jackson County, Mississippi.
4. Venue is proper in this Court because the incident occurred at the Walmart located in Ocean Springs, Mississippi, Store Number 1346, which is within Jackson County at 3911 Bienville Blvd., Ocean Springs, MS, 39564.

## FACTS

5. On or about December 21, 2023, Plaintiff Nereida Tirado was shopping at the Walmart store located in Ocean Springs, Mississippi.

6. While shopping in the vegetable section, Plaintiff encountered pallets of merchandise containing garlic and other vegetables that were not properly aligned with the pallet base.

7. As Plaintiff walked away from the display, the edge of the display, which was misaligned with the pallet underneath, caught Plaintiff's foot, causing her to trip and fall face down onto the floor.

8. As a result of the fall, Plaintiff sustained injuries, including a broken arm. She was assisted by Walmart associates, who provided a pillow and called an ambulance. Plaintiff remained on the floor for approximately 20 minutes until paramedics arrived and transported her to a nearby emergency room, located about 25 minutes away.

9. At the emergency room, Plaintiff underwent an X-ray, which confirmed a broken arm. She was given medication and released the same day after her arm was immobilized.

10. Plaintiff subsequently sought additional treatment at an orthopedic clinic on January 2, 2024, since the clinic was closed for the New Year holiday. In Puerto Rico, Plaintiff continued to receive medical care, including therapy, until April 2024, to regain mobility in her arm. Plaintiff has one final follow-up appointment scheduled for June 9, 2024.

11. As a result of this incident, Plaintiff incurred significant medical expenses, including:

- Ambulance Services;
- Emergency Room Treatment;
- Orthopedic clinic, etc.

Plaintiff, who is retired, had no prior issues with her arm before the accident but continues to experience limitations in her arm's use. She also suffered bruised ribs as a result of the fall.

## INJURIES AND DAMAGES

12. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the following injuries:

- A broken arm, requiring medical treatment and therapy;
- Bruised ribs;
- Physical pain and suffering;
- Mental anguish and emotional distress.

13. Plaintiff has incurred and continues to incur medical expenses and may require further medical treatment in the future. Additionally, Plaintiff has endured physical limitations and a diminished quality of life due to the injuries sustained.

**Cause of Action – Negligence**

14. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein. Defendant Walmart Inc. owed Plaintiff, as a customer and invitee, a duty to exercise reasonable care in maintaining safe premises, including ensuring that merchandise displays were properly aligned and free from dangerous conditions.

15. Defendant breached this duty by allowing a dangerous condition to exist in the form of an improperly aligned pallet and display in the vegetable section of the store, which posed a tripping hazard to customers.

16. Defendant further failed to provide adequate warnings regarding the hazard or to take reasonable steps to remedy the dangerous condition. As a direct and proximate result of Defendant's breach of its duty, Plaintiff suffered serious injuries and damages as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nereida Tirado, respectfully requests the following relief:

1. Compensatory damages for medical expenses, physical pain, mental anguish, and emotional distress in an amount to be determined by a jury;
2. Pre- and post-judgment interest as allowed by law;
3. Costs and attorney's fees incurred in this action; and
4. Any other relief this Court deems just and proper.

Respectfully submitted this the 4th day of December, 2024.

**PLAINTIFF**
Nereida Tirado, by and through counsel
**Attorney for Plaintiff**

**/s/ Marshall Goff**

Marshall Goff
MSB#105593
Barlow & Goff, PLLC
P.O. Box 5929
Brandon, MS, 39047
Phone: 769-428-8730
Fax: 228-400-1484
mgoff@bglawgroup.net

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**

**LUE NEREIDA TIRADO,** **PLAINTIFF**

**VS.** CO-2024-21,825

**WAL-MART STORES EAST, L.P.,** **DEFENDANT**

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Walmart Stores East, LP
CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS, 39232.

**NOTICE TO DEFENDANT**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.

YOU ARE HEREBY SUMMONED and required to serve on Plaintiff's Attorney, Marshall Goff located at P.O. Box 5929, Brandon, MS 39047, an answer to the Complaint which is being served on you with this Summons, within thirty (30) days after service of this Summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court.

Issued under my hand and the seal of said Court, this the 17 day of Dec, 2024.

RANDY CARNEY
CIRCUIT CLERK

BY: Dana Ogan
DEPUTY CLERK

CIRCUIT COURT
JACKSON COUNTY, MISS

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/14/2025
CT Log Number 548177088

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Mississippi**

**FOR:** Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TIRADO LUE NEREIDA // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jackson County - Circuit Court, MS<br>Case # 30CO124CV21825MW |
| **NATURE OF ACTION:** | Personal Injury - 12/21/2023, Wal-Mart located in Ocean Springs, Mississippi, Store Number 1346, |
| **PROCESS SERVED ON:** | C T Corporation System, Flowood, MS |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/14/2025 at 11:44 |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Marshall Goff<br>Barlow & Goff, PLLC<br>P.O. Box 5929<br>Brandon, MS 39407<br>769-428-1484 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/14/2025, Expected Purge Date: 01/24/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 14, 2025
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Case Number | co202421825 |
| Jurisdiction | MS |

| Inserts | | |
|---|---|---|
| | | |

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**

| | | |
|---|---|---|
| LUE NEREIDA TIRADO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 30C0I:24-CV-21825-MW |
| | * | |
| WAL-MART STORES EAST, L.P | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ANSWER

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

## PARTIES

1. Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency but admits the same at this time.

2. Wal-Mart Stores East, L.P. admits it is a foreign limited partnership authorized to do business in Mississippi and may be served via its registered agent, and that at all times pertinent herein was the operator of the premises where this incident allegedly occurred.

## JURISDICTION AND VENUE

3. Wal-Mart admits that, at this time, this Court has jurisdiction over this matter. Wal-Mart denies Plaintiff is entitled to any recovery and demands strict proof thereof.

4. Wal-Mart admits, at the present time, venue is appropriate in the Circuit Court of Jackson County, Mississippi. Wal-Mart denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

**FACTS**

5. Wal-Mart admits Plaintiff was present on its premises in Ocean Springs, Mississippi on December 21, 2023. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence at Wal-Mart and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

6. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

7. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

8. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

9. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

10. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and damages and, therefore, must

deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

11. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

**INJURIES AND DAMAGES**

12. Wal-Mart denies its conduct constituted negligence, and denies its conduct was the proximate cause or contributing cause of this alleged incident or Plaintiff's alleged injuries and damages and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

13. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

**CAUSE OF ACTION- NEGLIGENCE**

14. Wal-Mart adopts and incorporates by reference the foregoing paragraphs the same as though fully repeated herein.

15. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

16. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

## PRAYER FOR RELIEF

Wal-Mart denies the allegations contained in the unnumbered paragraph following paragraph 16 which begins "WHEREFORE" and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2. Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains and, therefore, under Mississippi law, she is not entitled to recover any damages, or her recovery should be reduced proportionately.

3. The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Mississippi law, and thereby obviating any alleged duty to warn.

4. Defendant did not have notice of the alleged hazard about which Plaintiff complains and therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate the alleged hazard or warn of it.

5. No act or omission of this Defendant was the proximate cause of any injury to Plaintiff.

6. Defendant owed Plaintiff no duty as alleged, the breach of which neither caused nor contributed to the cause of the Plaintiff's injuries.

7. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8. Defendant respectfully demands credit for any and all monies paid to, or on behalf of Plaintiff from any and all collateral sources.

9. Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

10. Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of his Complaint and having no causal relationship with this Defendant.

11. Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

*/s/ W. Pemble DeLashmet*

W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day February 13, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Marshall Goff
Barlow & Goff, PLLC
P. O. Box 5929
Brandon, MS 39047

*/s/ W. Pemble DeLashmet*
OF COUNSEL

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**

| | | |
|---|---|---|
| LUE NEREIDA TIRADO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 30C0I:24-CV-21825-MW |
| | * | |
| WAL-MART STORES EAST, L.P | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

TO: Randy Carney, Circuit Clerk
JACKSON COUNTY-CIVIL DIVISION
3104 Magnolia St.
Pascagoula, MS 39567

There is hereby filed with you a copy of the Notice of Removal filed by Defendant WALMART STORES EAST, LP. ("Walmart") through undersigned counsel, in the case styled "*Lue Nereida Tirado, Plaintiff v. Walmart Stores eat, LP.*" Civil Action No. 30C0I:24-CV-21825-MW, and designed to remove that action to the United States District Court for the Southern District of Mississippi, Southern Division. This Notice of Removal was sent for filing in the United States District Court for the Southern District of Mississippi, Southern Division, on 21st day of March 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for Plaintiff herein by service via U.S. mail on 21st of March, 2025, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Jackson County, Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

DATED this March 21, 2025.

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Walmart Stores East, LP.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-7994

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day March 21, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Marshall Goff
Barlow & Goff, PLLC
P. O. Box 5929
Brandon, MS 39047

/s/ W. Pemble DeLashmet
OF COUNSEL